224 N.J. Super. 90 (1988)
539 A.2d 1223
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
FRANK A. FLOWER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted January 19, 1988.
Decided February 18, 1988.
Before Judges MICHELS, SHEBELL and GAYNOR.
Nicholas L. Bissell, Jr., Somerset County Prosecutor, for appellant State (Timothy Van Hise, Assistant Somerset County Prosecutor, of counsel and on the letter brief).
Alfred A. Slocum, Public Defender, for respondent Frank A. Flower (Bernadette DeCastro, Assistant Deputy Public Defender, of counsel and on the brief).
W. Cary Edwards, Attorney General, amicus curiae, pro se, (Debra L. Stone, Deputy Attorney General, of counsel and on the brief).
Lorraine E. Stanley submitted a brief on behalf of amicus curiae American Civil Liberties Union of New Jersey.
PER CURIAM.
The order of the Law Division that suppressed the statements of defendant Frank A. Flower to investigators from the Somerset County Prosecutor's Office and to a caseworker from the Division of Youth and Family Services is affirmed substantially for the reasons expressed by Judge Imbriani in his written opinion of April 30, 1987, which is reported as State v. Flower, 224 N.J. Super. 208 (Law Div. 1987). The trial court's *91 decision that Miranda applied where, as here, the Division of Youth and Family Services caseworker conducted a custodial interview of defendant concerning charges of aggravated sexual assault is consistent with the principles discussed in our decision filed today in State v. Helewa, 223 N.J. Super. 40 (App.Div. 1988).
Affirmed.